## Triest Appeal

*Donald L. Toner*, for appellant.

BIESTER, P. J., September 16, 1964.—After a hearing de novo in the matter of the appeal of William H. Triest, Jr., from an order of the Secretary of Revenue suspending his license, we make the following

### Findings of Fact

1. Appellant is a resident of Doylestown, R. D. 1, Bucks County, Pa., and is a licensed operator of motor vehicles in the State of Pennsylvania.

2. Appellant, while residing in Fort Collins, Colorado, had his license suspended in the State of Colorado for one month from December 12, 1962, to January 12, 1963, as the result of a conviction for speeding at the rate of 65 miles an hour in a 40-mile per hour zone on July 11, 1962.

3. After a hearing before a representative of the Secretary of Revenue of this Commonwealth, the secretary suspended the appellant's license for a period of two months beginning October 17, 1963, on the basis

of the above Colorado conviction, the offense for which he was there convicted being a violation of section 1002 (b) (4) of the Pennsylvania Motor Vehicle Code.

4. On October 16, 1963, the within appeal was filed and a supersedeas of the suspension order issued.

5. Appellant left the State of Colorado on December 14, 1962, and has not since returned.

*Discussion*

The within appeal must be sustained. While we sympathize with the position of the Department of Revenue of this Commonwealth that this appellant suffered little inconvenience by reason of the Colorado suspension order because of his having left that State two days after the suspension became effective, the provision of the Act of April 29, 1959, P. L. 58, sec. 618, as amended by the Act of April 28, 1961, P. L. 108, 75 PS §618 (e), appears to be mandatory, and it provides in part:

". . . If the operator's privileges of such person have been suspended in the other state, then such suspension shall be for the same period of time as that provided in the suspension by the other state, and no part of the suspension ordered by the secretary shall be served after the expiration of the suspension imposed by the other state."

It follows that the secretary may not impose a longer suspension in Pennsylvania than that imposed by its sister State and no part of the Pennsylvania suspension can be effective after the expiration of the out-of-State suspension. See Zabel License, 32 D. & C. 2d 784.

*Order*

And now, to wit, September 16, 1964, the within appeal of William H. Triest, Jr., from the suspension of his operating privileges is hereby sustained and the order of the Secretary of Revenue suspending appellant's operating privileges for a period of two months is hereby reversed and set aside.